UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JOHN KEITH HEBERT, ET AL.                CIVIL ACTION NO. 6:21-cv-00545

VERSUS                                   JUDGE SUMMERHAYS

UNITED STATES OF AMERICA,                MAGISTRATE JUDGE HANNA
ET AL.

## MEMORANDUM RULING

Plaintiffs John Keith Hebert and International Defense Corporation, proceeding *pro se* and *in forma pauperis*, filed a lengthy complaint against several defendants. The complaint was screened under 28 U.S.C. § 1915(e)(2)(B) to determine whether the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. This Court also undertook a *sua sponte* review of the court's subject-matter jurisdiction over this action and its personal jurisdiction over the defendants. For the following reasons, counsel shall enroll for International Defense Corporation and the plaintiffs shall file an amended complaint not later than May 15, 2021.

## Background

The plaintiffs alleged that John Keith Hebert is the president of International Defense Corporation. They alleged that Mr. Hebert and his company entered into an independent contractor service agreement with certain defendants and entered into an independent subcontractor service agreement with the United States Central

Intelligence Agency ("CIA").  The plaintiffs alleged that, under both contracts, they provided private security services in Afghanistan.  The plaintiffs alleged that several of the defendants failed to comply with the terms of the contracts by, among other things, torturing Mr. Hebert in May 2014 while he was in Afghanistan, allegedly because he was a whistleblower concerning criminal activity.  The allegations set forth in the complaint are rambling and disjointed, and the alleged torture seems to have taken the form of trying to prevent Mr. Hebert from continuing to work in Afghanistan and denying him permission to drive while he was working there.

The plaintiffs alleged that Mr. Hebert treated with a psychologist while in Afghanistan and was diagnosed with unspecified anxiety disorder.  They alleged that he continued to treat with mental health professionals after he returned home to Las Vegas.   The plaintiffs alleged that members of the North Las Vegas Police Department and the CIA office in Las Vegas assaulted Mr. Hebert with deadly weapons when he returned home from Afghanistan in October 2015, and they alleged that he was also assaulted by some of his neighbors.

The plaintiffs alleged that Mr. Hebert sought compensation under the Defense Base Act for the injuries he sustained due to being tortured in Afghanistan.  He was allegedly represented in that proceeding by attorney William David Turley of the Turley Law Firm.  In February 2018, Administrative Law Judge Jennifer Gee in San Francisco allegedly denied Mr. Hebert's claim.

The plaintiffs claim that Mr. Hebert's health and finances were negatively impacted by his being tortured in Afghanistan.  In this lawsuit, they sued twenty-five defendants and asserted a variety of claims.

## Law and Analysis

### A.  *Pro Se* Status

A *pro se* litigant's pleadings are construed liberally[1] and held to "less stringent standards than formal pleadings drafted by lawyers."[2]  However, a *pro se* "plaintiff must prove, by a preponderance of the evidence, that the court has jurisdiction based on the complaint and evidence."[3]  Furthermore, a *pro se* plaintiff must also abide by the rules that govern federal courts[4] and properly plead sufficient facts that, when liberally construed, state a plausible claim to relief.[5]  A court may dismiss a plaintiff's claims on its own motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim so long as the plaintiff has notice of the court's intention

---

[1]     *Mendoza-Tarango v. Flores*, 982 F.3d 395, 399 (5th Cir. 2020); *Nerren v. Livingston Police Dept*., 86 F.3d 469, 472 (5th Cir. 1996).

[2]     *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

[3]     *Dos Santos v. Belmere Ltd. Partnership*, 516 Fed. App'x 401, 402-03 (5th Cir. 2013).

[4]     *E.E.O.C. v. Simbaki, Ltd*., 767 F.3d 475, 484 (5th Cir. 2014) (citing *Frazier v. Wells Fargo Bank, N.A*., 541 Fed. App'x 419, 421 (5th Cir. 2013)).

[5]     See *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed. App'x at 421-22.

to do so and an opportunity to respond.[6]  However, a court should generally allow a *pro se* plaintiff an opportunity to amend his complaint before dismissing it for failure to state a claim.[7]

## B.  <u>International Defense Corporation Must Retain Counsel</u>

The statute governing appearances in federal court[8] has been interpreted to mean that fictional legal persons such as corporations and partnerships cannot appear for themselves personally; instead, they must be represented by legal counsel.[9]  The same rule applies to limited liability companies[10] and trusts.[11]  Thus, a corporation can enter an appearance in a federal district court only through an attorney admitted to practice before the court.[12]  This is true even when the person seeking to represent

---

[6]     See *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

[7]     *Bazrowx v. Scott*, 136 F.3d at 1054.

[8]     28 U.S.C. § 1654.

[9]     *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)).

[10]    See, e.g., *JLM Sartor, Inc. v. CGN Energy Louisiana I, LLC*, No. 15-2464, 2018 WL 3546236, at *1 (W.D. La. July 20, 2018); *Citicorp Vendor Finance, Inc. v. Smile-Brite Family Dental, L.L.C.*, No. 06-1205, 2007 WL 594903, at *1 (W.D. La. Feb. 20, 2007).

[11]    *United States v. Trowbridge*, 251 F.3d 157 (5th Cir. 2001) (per curiam) (citing *Rowland v. California Men's Colony*, 506 U.S. at 202).

[12]    *Southwest Express Co., Inc. v. I.C.C.*, 670 F.2d 53, 56 (5th Cir. 1982).

the corporation is its president and major stockholder.[13]   Therefore, International must be represented by counsel in order to proceed with this lawsuit.

When a corporation appears in court without counsel, the court is required to warn the corporation that it must obtain counsel and afford it the opportunity to cure this defect before striking its pleadings.[14]   Accordingly, International will be ordered to obtain counsel.  International's failure to comply with this order will result in the dismissal of International's claims.

## C.     <u>Subject-Matter Jurisdiction</u>

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[15]   Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[16] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[17]   A suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction

---

[13]      *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981).

[14]      *Memon v. Allied Domecq QSR*, 385 F.3d at 874-75.

[15]      See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[16]      28 U.S.C. § 1331.

[17]      28 U.S.C. § 1332.

establishes otherwise.[18]  Absent subject-matter jurisdiction, a federal court has no power to adjudicate claims.[19]

"Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction.  The issue may be raised by parties, or by the court *sua sponte*, at any time."[20]  "If the court determines. . . that it lacks subject-matter jurisdiction, the court must dismiss the action."[21]  A district court may dismiss a case for lack of subject-matter jurisdiction on the basis of the complaint alone.[22]

The party asserting federal jurisdiction has the burden of proving its existence by a preponderance of the evidence.[23]  Accordingly, the plaintiffs must bear that burden in this case.

The plaintiffs alleged that the court has subject-matter jurisdiction because their claims arise under federal law.  "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action

---

[18]    *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377).

[19]    *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).

[20]    *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).  See, also, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

[21]    Fed. R. Civ. P. 12(h)(3).

[22]    *St. Tammany Parish v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009); *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[23]    *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

shows that it is based upon those laws or that Constitution."[24]   "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[25]   In other words, federal-question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[26] Generally, a suit arises under federal law for purposes of establishing federal-question jurisdiction if there appears on the face of the complaint some substantial, disputed question of federal law.[27]   A *pro se* complaint must comply with the well-pleaded complaint rule.[28]

---

[24]      *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

[25]      *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  See, also, *Elam v. Kansas City S. Ry. Co*., 635 F.3d 796, 803 (5th Cir. 2011).

[26]      *Borden v. Allstate Ins. Co*., 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[27]      *Carpenter v. Wichita Falls Independent School Dist*., 44 F.3d 362, 366 (5th Cir. 1995).

[28]      See, e.g., *Vela v. Manning*, 469 Fed. App'x 319, 321 (5th Cir. 2012); *Lai v. Guller*, No. 3:18-CV-1121-B-BK, 2018 WL 6174220, at *2 (N.D. Tex. Nov. 7, 2018), report and recommendation adopted, 2018 WL 6172063 (N.D. Tex. Nov. 26, 2018); *McGee v. McGee*, No. 18-cv-0807, 2018 WL 3342060, at *2 (W.D. La. June 21, 2018), report and recommendation adopted 2018 WL 3341793 (W.D. La. July 6, 2018); *Allsbrook v. Osbourn*, No. 18-cv-0330, 2018 WL 3041195, at *2 (W.D. La. Mar. 29, 2018), report and recommendation adopted, 2018 WL 3040018 (W.D. La. June 19, 2018).

In their complaint, the plaintiffs expressly alleged that the court has subject-matter jurisdiction based on a federal question arising under (1) statutes addressing treason, sedition, and subversive activities, 18 U.S.C. §§ 2381-2391; (2) the Communist Control Law and legislative findings of fact and declarations of necessity, 50 U.S.C. §§ 841-844; (3) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; (4) statutes addressing civil rights violations, 42 U.S.C. §§ 1985 and 1986; and (5) Law of War § 18.16, which addresses compensation for violations of the law of war.  But none of these is a valid source of subject-matter jurisdiction in this case.

### 1.    The Treason and Sedition Claim

The plaintiffs claim that the defendants engaged in treasonous and seditious conduct in violation of 18 U.S.C. §§ 2381-2391.  These are criminal statutes. Criminal statutes generally do not create a private right of action; therefore, there must be a statutory basis for a private right of action to exist under a criminal statute.[29]  Further, a private citizen has no constitutional right to have someone criminally prosecuted.[30]  "[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [a plaintiff]

---

[29]    See *Ali v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993) (per curiam) (unpublished).

[30]    *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).  See, also, *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981); *Pierre v. Guidry*, 75 Fed. App'x 300, 300 (5th Cir. 2003) (per curiam) (unpublished).

has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute."[31]  More particularly, there is no private right of action regarding treason claims nor can a private individual cause a treason prosecution.[32]  Therefore, these claims do not support the exercise of federal question jurisdiction.

## 2.     **The Communist Control Law Claim**

The plaintiffs' complaint attempts to assert a claim under Communist control legislation, 50 U.S.C. § 841, *et seq*., which states that a person who knowingly and willfully becomes a member of the Communist Party is subject to the Internal Security Act of 1950, 8 U.S.C. § 156.  The Internal Security Act has to do with the deportation of aliens.[33]  The plaintiffs did not identify any statutory provision creating a private right of action related to these statutes nor did they identify any aliens who might be subject to deportation.  Therefore, the plaintiffs' citation to these statutes does not support the exercise of federal question jurisdiction.

---

[31]     *Gill v. Texas*, 153 Fed. App'x 261, 262 (5th Cir. 2005) (unpublished).

[32]     *Yazdi v. Mowad*, No. EP-11-CV-016-DB, 2011 WL 13208860, at *8 (W.D. Tex. July 11, 2011).

[33]     *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 34 (2006); *Carlson v. Landon*, 342 U.S. 524, 528 n. 5 (1952).

### 3.    The RICO Claim

The Racketeering Influenced Corrupt Organizations Act ("RICO") has both criminal and civil components.[34]  "RICO affords a private right of action only to a plaintiff who can show that he or she has been injured 'by reason of' a violation of RICO's criminal prohibitions."[35]   A civil RICO claim requires proof of three elements: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise."[36] Furthermore, a pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity.[37]

Governmental entities are not capable of forming a criminal enterprise.[38] "[E]very court to address the issue has found that the Federal Government and its employees are immune from suit under the civil RICO statute."[39]   Furthermore, the

---

[34]     *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 253 (1989); *United States v. Vasquez*, 899 F.3d 363, 373 n.6 (5th Cir. 2018).

[35]     *Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629, 636 (5th Cir. 2016) (citing 18 U.S.C. § 1964(c)).

[36]     *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007).

[37]     *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (citing *Abraham v. Singh*, 480 F.3d at 355).

[38]     *Andrade v. Chojnacki*, 65 F. Supp. 2d 431, 449 (W.D. Tex. 1999).

[39]     See *McLean v. Obama*, No. 15-8, 2015 WL 3966426, at *2 (E.D. La. June 30, 2015) (collecting cases).

Fifth Circuit has rejected the idea that a federal agency can be sued under the RICO statute.[40]  Accordingly, the plaintiffs cannot establish a RICO claim involving any of the governmental entities named as defendants in the lawsuit, and their complaint contains insufficient allegations to support a conclusion that any of the individuals named in the suit were involved in racketeering activity.  The plaintiffs have not established that their RICO allegations provide a basis for the exercise of subject-matter jurisdiction.

**4.     The Civil Rights Claims under 42 U.S.C. §§ 1985 and 1986**

The plaintiffs alleged that the defendants conspired to harm them, violating 42 U.S.C. § 1986.  A person is liable under 42 U.S.C. § 1986 if he neglects or refuses to prevent the commission of an action prohibited by Section 1985.  Consequently, "a § 1986 cause of action is dependent on a claimant's successful pleading of a § 1985 claim first."[41]  Section 1985 prohibits conspiracy to (1) prevent an official from carrying out his or her lawful duties; (2) interfere with a federal court proceeding or with a state court proceeding for the purpose of denying a citizen equal protection of law; or (3) deprive a person or class of persons of equal protection of law.  A person seeking to assert a claim under 42 U.S.C. § 1985 must plead operative facts

---

[40]     *McNeily v. United States*, 6 F.3d 343, 350 (5th Cir. 1993) (citing *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) ("there can be no RICO claim against the federal government.")).

[41]     *Beckwith v. City of Houston*, 790 Fed. App'x 568, 576 (5th Cir. 2019), cert. denied 140 S. Ct. 1127 (2020) (citing *Hamilton v. Chaffin*, 506 F.2d 904, 914 (5th Cir. 1975)).

upon which the claim is based; conclusory and bald allegations are inadequate.[42]  In this case, however, the plaintiffs' complaint does not contain factual allegations sufficient to support a claim under this statute.

First, the plaintiffs did not allege that they were officials who were prevented from carrying out their duties under Section 1985(a).  Therefore, they have not stated a Section 1985(a) claim.  Second, a claim under either Section 1985(2) or Section 1985(3) must allege facts demonstrating that there was some racial or class-based, invidiously discriminatory animus behind the alleged conspirators' actions.[43]  But there are no allegations that the defendants' actions were motivated by Mr. Hebert's membership in any particular race or class.  Therefore, there is no factual basis for a claim under Section 1985(2) or 1985(3).

Because there is no factual basis in the complaint for a Section 1985 claim, this purported claim does not support the exercise of federal-question jurisdiction.

## 5.   **The Law of War Claims**

The plaintiffs claim that the defendants violated the law of war, and they seek compensation for those violations, specifically referencing Law of War Section

---

[42]    *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987).

[43]    *Bryant v. Military Department of Mississippi*, 597 F.3d 678, 687 (5th Cir. 2010), cert. denied, 562 U.S. 893 (2010) (regarding Section 1985(2) claims); *Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019), cert. denied, 141 S. Ct. 112 (2020) (regarding Section 1985(3) claims).  See, also, *Holdiness v. Stroud*, 808 F.2d at 424.

18.16 in the complaint.  The Department of Defense publishes a document styled "Department of Defense Law of War Manual."[44]  Section 1.1.1 states, in pertinent part, that "[t]his manual is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity against the United States, its departments, agencies, or other entities, its officers or employees, or any other person."  Section 18.16 of that document is titled "Compensation for Violations of the Law of War."  It states that violations of the law of war might make a State liable to another State for compensation but further says that "[c]ustomary international law and the 1949 Geneva Conventions do not provide a private right for individuals to claim compensation directly from a State; rather, such claims are made by other States."  A clarifying footnote states that individual men and women have no right to claim compensation under the Geneva Conventions.

The plaintiffs did not establish that a private citizen has the right to seek redress in federal court for violations of the law of war.  Therefore, they did not establish that they have standing to bring this lawsuit or that the court has jurisdiction over their law-of-war claim.

---

[44]     Department of Defense Law of War Manual, June 2015 (Updated December 2016), https://dod.defense.gov/Portals/1/Documents/pubs/DoD%20Law%20of%20War%20Manual%20-%20June%202015%20Updated%20Dec%202016.pdf?ver=2016-12-13-172036-190 (last visited Mar. 24, 2021).

6.   **Summary of Findings Regarding Subject-Matter Jurisdiction**

The plaintiffs alleged five bases for federal-question jurisdiction, none of which actually confer subject-matter jurisdiction on the court.  However, this Court will allow the plaintiffs an opportunity to amend their complaint to state a valid jurisdictional basis for their lawsuit.

D.   **Personal Jurisdiction**

Personal jurisdiction is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication.[45]  Because a judgment entered without personal jurisdiction is void, the court may raise the issue of personal jurisdiction *sua sponte*[46] so long as the defendant has not waived the issue.  In this case, the defendants have not yet been served; consequently, the issue has not been waived.  A plaintiff bears the burden of establishing a trial court's personal jurisdiction over each nonresident defendant.[47]  The plaintiff need only establish a *prima facie* case of personal jurisdiction; proof by a preponderance of the evidence is not required.[48]  When considering personal jurisdiction, the Court must

---

[45]    *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584(1999).

[46]    *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001)

[47]    *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

[48]    *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999); *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992).

accept the plaintiffs "uncontroverted allegations, and resolve in [his] favor all conflicts between the facts contained in the parties' affidavits and other documentation."[49]

"Absent a federal statute that provides for more expansive personal jurisdiction, the personal jurisdiction of a federal district court is coterminous with that of a court of general jurisdiction of the state in which the district court sits."[50] Personal jurisdiction over a non-resident defendant is determined by the state's long-arm statute and the due process clause.[51]  Because Louisiana's long-arm statute extends to the limits of the due process clause of the Fourteenth Amendment, the inquiry is whether subjecting a defendant to personal jurisdiction in Louisiana would offend due process.[52]  Due process is not offended if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[53]

---

[49]     *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

[50]     *Submersible Systems v. Perforadora Central*, 249 F.3d 413, 418 (5th Cir.2001).

[51]     *ICEE Distrib., Inc. v. J&J Snack Foods*, 325 F.3d 586, 591 (5th Cir. 2003).

[52]     *ICEE Distrib., Inc. v. J&J Snack Foods*, 325 F.3d at 591 (5th Cir. 2003); *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999).

[53]     *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d at 336 (quoting *Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation and citation omitted)).

Here, the plaintiffs sued several individuals and business entities but provided insufficient information in their complaint to allow this Court to determine whether the court has personal jurisdiction over the various defendants. Because the plaintiffs are proceeding without the assistance of legal counsel, however, this Court will allow the plaintiffs an opportunity to amend their complaint to establish personal jurisdiction. The plaintiffs are warned that if their amended complaint lacks a sufficient basis to establish personal jurisdiction over the named defendants, their claims will be dismissed.

E.     **Screening of Complaints Filed *In Forma Pauperis***

The plaintiffs filed a motion for *in forma pauperis* status along with their complaint. An indigent person may bring an *in forma pauperis* action in federal court without paying costs.[54] District courts screen such complaints and may dismiss them at any time if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[55] A dismissal "at any time" includes dismissal at the initiation of the action, before the defendant has appeared.[56] This "discourage[s] the filing of, and waste of judicial and private

---

[54]     28 U.S.C. § Section 1915(a)(1).

[55]     28 U.S.C. § 1915(e)(2). See, also, *Smilde v. Snow*, 73 Fed. App'x 24, 25 (5th Cir. 2003).

[56]     *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

resources upon, baseless lawsuits"[57] and "spare[s] prospective defendants the inconvenience and expense of answering such complaints."[58] A court must not dismiss a complaint simply because the facts presented by the plaintiff appear unlikely.[59] However, a complaint must allege a set of facts sufficient "to state a claim. . . that is plausible on its face."[60] Therefore, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact.[61]

District courts are vested with especially broad discretion in determining whether a dismissal for frivolousness is warranted in cases brought by plaintiffs *in forma pauperis*,[62] and dismissal is appropriate if a complaint has no "realistic chance of ultimate success"[63] or is "clearly baseless."[64] A complaint is frivolous if it "lacks

---

[57]     *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[58]     *Neitzke v. Williams*, 490 U.S. at 324.

[59]     *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[60]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[61]     *Denton v. Hernandez*, 504 U.S. at 32 (citing *Neitzke v. Williams*, 490 U.S. at 327).

[62]     *Green v. McKaskle*, 788 F.2d at 1119.

[63]     *George v. King*, 837 F.3d 705, 707 (5th Cir. 1988) (quoting *Green v. McKaskle*, 788 F.2d at 1120).

[64]     *Denton v. Hernandez*, 504 U.S. at 32.

an arguable basis either in law or in fact."[65]   A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory,"[66] while factually frivolous claims are those in which the facts alleged are clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible.[67]

In determining whether a complaint filed by a plaintiff proceeding *in forma pauperis* fails to state a claim, the court applies the same standard governing dismissals under Fed. R. Civ. P. 12(b)(6).[68]   Thus, the court must limit itself to the contents of the pleadings, accept all well-pleaded facts as true, view the facts in a light most favorable to the plaintiff,[69] and determine whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face."[70]

Several of the plaintiffs' claims are not plausible and should be dismissed. Because the plaintiffs are not represented by counsel, however, they will be given an opportunity to amend their complaint and state plausible claims.

---

[65]     *Brewster v. Dretke*, 587 F.3d at 767; *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

[66]     *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Talib v. Gilley*, 138 F.3d at 213.

[67]     *Talib v. Gilley*, 138 F.3d at 213 (clearly baseless); *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (irrational or wholly incredible); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (fanciful, fantastic, delusional).

[68]     *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

[69]     *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[70]     *Bell Atlantic v. Twombly*, 550 U.S. at 570.

1.     **Defense Base Act Claim**

According to the complaint, Mr. Hebert decided while he was still in Afghanistan that he would seek compensation for his alleged injuries under the Defense Base Act ("DBA"), 42 U.S.C. § 1651 *et seq*.  Disability compensation claims brought by persons employed at United States military bases abroad are generally governed by the DBA.[71]  The DBA states that the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq*., applies to such claims unless the DBA modifies the provisions of the LHWCA.[72]  One such modification is relevant to this case.  While both LHWCA and DBA claims are first evaluated by the Benefits Review Board ("BRB"), federal appellate courts provide judicial review of BRB decisions for LHWCA claims[73] while federal district courts review BRB decisions regarding DBA claims.[74]  More specifically, an appeal of a BRB decision on a DBA claim must be directed to "the United States district court of the judicial district wherein is located the office of the deputy commissioner whose compensation order is involved. . . ."[75]

---

[71]     *H.B. Zachry Co. v. Quinones*, 206 F.3d 474, 476 (5th Cir. 2000).

[72]     See 42 U.S.C. § 1651(a).

[73]     33 U.S.C. § 921(c).

[74]     42 U.S.C. § 1653(b).  See, also, *H.B. Zachry Co. v. Quinones*, 206 F.3d at 476; *AFIA/CIGNA Worldwide v. Felkner*, 930 F.2d 1111, 1114, 1116 (5th Cir.1991).

[75]     41 U.S.C. § 1653(b).

In their complaint, the plaintiffs alleged that Mr. Hebert received correspondence from an administrative law judge in San Francisco, California regarding his DBA claim.  They also specifically alleged that the administrative law judge remanded his case in February 2018.  To the extent that the plaintiffs' complaint might be interpreted as an appeal of a BRB decision regarding his DBA claim, it has been filed in the wrong court.  It must be filed in the United States district court for the judicial district where the BRB decision was made, which appears to be San Francisco, California.  Therefore, the plaintiffs' DBA claim is frivolous because it lacks both an arguable basis in law and an arguable basis in fact.

## 2.   <u>The Claim Against the State of California and its Franchise Tax Board</u>

The plaintiffs named both the State of California and California's Franchise Tax Board as defendants in the suit.  They alleged that the board attempted to collect unpaid taxes from Mr. Hebert even though he lived in Nevada rather than California at relevant times and further alleged that the State of California attempted to collect unpaid taxes from Mr. Hebert for time periods when he was in Afghanistan.  But federal courts lack jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it.[76]  Because the plaintiffs have the burden of

---

[76]   *Moore v. Louisiana Bd. of Elementary and Secondary Educ*., 743 F.3d 959, 963 (5th Cir. 2014).

establishing that the court has subject-matter jurisdiction, they have the burden of citing to a statute that permits a citizen to sue the State of California and its Franchise Tax Board in federal court.  Because they have not done so, the plaintiffs have not stated a plausible claim against the State of California or its Franchise Tax Board.

### 3.   The Claims Against the CIA, The IRS, and the USPS

As sovereign, the United States is immune from suit unless it consents to be sued.[77]  Thus, the United States and its agencies are immune from suit unless immunity has been expressly waived.[78]  Any suit against the United States that does not fall within an express waiver of its sovereign immunity must be dismissed for lack of jurisdiction.[79]  Consequently, a party suing the United States must cite the specific statute that waived the United States' sovereign immunity.[80]  The burden is on the party asserting the claim against the United States to show consent to suit.[81]  Here, the plaintiffs must shoulder that burden.

---

[77]     *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994); *Broussard v. United States*, 989 F.2d 171, 174 (5th Cir. 1993).

[78]     *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  See, also, *In re Supreme Beef Processors, Inc*., 468 F.3d 248, 252 (5th Cir. 2006).

[79]     *United States v. Dalm*, 494 U.S. 596, 608 (1990).  See, also, *Ashford v. United States*, 463 Fed. App'x 387, 389 (5th Cir. 2012).

[80]     *Lundeen v. Mineta*, 291 F.3d 300, 304 (5th Cir. 2002).

[81]     *Lundeen v. Mineta*, 291 F.3d at 304.

### a.　　**The CIA**

Constitutional and civil rights claims against the CIA are barred by federal sovereign immunity.[82]　Therefore, the plaintiffs' constitutional and civil rights claims against the CIA lack an arguable basis in fact or law and, consequently, are frivolous and should be dismissed.　If the plaintiffs are seeking to assert any other types of claims against the CIA, they have the burden of identifying a statute that permits a private cause of action against the CIA.　So far, no such statute has been identified.

### b.　　**The Post Office**

The plaintiffs alleged that they did not receive all of their mail, and they asserted a claim against The United States Postal Service Headquarters.　But sovereign immunity shields the federal government from any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.[83] Therefore, the court lacks subject-matter jurisdiction over this claim.　Further, because this claim lacks an arguable basis in law and fact, it is frivolous and should be dismissed.

---

[82]　　*Torres v. County of Webb*, 150 Fed. App'x 286, 291 (5th Cir. 2005) (citing *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir.1999)).

[83]　　28 U.S.C. § 2680(b); *Ruiz v. U.S.*, 160 F.3d 273, 275 (5th Cir. 1998); *Ins. Co. of N. Am. v. United States Postal Serv.*, 675 F.2d 756, 759 (5th Cir. 1982).

### c.     The Internal Revenue Service and The United States Department of the Treasury

The plaintiffs asserted claims against the Internal Revenue Service and the United States Department of the Treasury, alleging that they are seeking to collect taxes owed by them for years during which Mr. Hebert was allegedly being tortured in Afghanistan.  In order to sue the Internal Revenue Service or the Department of the Treasury, which are agencies of the United States Government, there must be a waiver of sovereign immunity.  The Internal Revenue Service Code has a conditional waiver of sovereign immunity in 26 U.S.C. § 7433, but this provision contains terms which must be complied with in order to invoke the waiver, including exhaustion of administrative remedies, mitigation of damages, and a two-year statute of limitations.[84]  The plaintiffs have not shown that they have met any of these terms. In fact, the complaint alleged that Mr. Hebert returned home from Afghanistan for the last time in October 2015, which is more than two years before the lawsuit was filed.  "If a waiver of sovereign immunity contains a limitations period, a plaintiff's failure to timely file suit deprives the court of jurisdiction."[85]  Accordingly, the plaintiffs cannot state a claim against the United States in connection with the tax claim because their claim is untimely and, consequently, is jurisdictionally barred.

---

[84]     26 U.S.C. § 7433(d).

[85]     *Gandy v. United States*, 234 F.3d 281, 283 (5th Cir.2000); see also *Dunn–McCampbell Royalty Interest, Inc. v. National Park Serv*., 112 F.3d 1283, 1287 (5th Cir.1997).

Furthermore, the plaintiffs' claim against the IRS lacks an arguable basis in law and fact; therefore, it is frivolous and should be dismissed.

### d.   The Claims Against Federal Employees

The plaintiffs asserted claims against several individuals, many of whom are stated to be employees of the federal government or one of its agencies.  The Federal Tort Claims Act ("FTCA")[86] "grants a limited waiver of sovereign immunity for tort suits brought against the United States or its agencies"[87] due to negligent or wrongful acts or omissions by government employees.[88]  The FTCA confers on federal courts exclusive jurisdiction of civil actions based on such claims.[89]

The plaintiffs did not mention the FTCA in their complaint.  But, to the extent that they might be asserting claims against the persons or agencies named as defendants under the FTCA, then these actually are claims against the United States, which should be substituted as the defendant in place of the named agencies and

---

[86]   28 U.S.C. § 1346.

[87]   *Pleasant v. United States ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 448 (5th Cir. 2014) (per curiam) (citing 28 U.S.C. §§ 2674, 2679(a)).

[88]   28 U.S.C. § 1346(b).

[89]   28 U.S.C. § 1346(b)(1).  See, also, *Esquivel-Solis v. United States*, 472 Fed. App'x 338, 339 (5th Cir. 2012).

individuals[90] since an FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction.[91]

Also, as a prerequisite to the government's waiving its sovereign immunity under the FTCA, such claims must be presented to the appropriate federal agency and denied by the agency in writing.[92]  FTCA claims must be brought before the appropriate administrative agency within two years after the claim accrues and suit must be brought not more than six months after a denial of the administrative claim.[93] The plaintiffs bear the burden of showing that they exhausted their administrative remedies and filed suit within the statutory time limit.

### e.   <u>Constitutional Claims</u>

The plaintiffs alleged that the defendants violated certain of their Constitutional rights, including rights guaranteed by the First, Fourth, Fifth, Eight, Thirteenth, and Fourteenth Amendments.  First, the Eighth Amendment applies only to convicted prisoners.[94]   The plaintiffs have not alleged that they have been

---

[90]     28 U.S.C. § 2679(d)(2).  See, also, *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988).

[91]     *Galvin v. OSHA*, 860 F.2d at 183.

[92]     *Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp*., 764 F.3d at 448 (citing 28 U.S.C. § 2675(a)).

[93]     *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001) (citing 28 U.S.C. § 2401(b)).

[94]     See *Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000); *Hare v. City of Corinth, Miss*., 74 F.3d 633, 639 (5th Cir. 1996).

convicted of any crimes.  Accordingly, the Eighth Amendment claim is frivolous and should be dismissed with prejudice.

Second, the United States has not waived sovereign immunity for claims alleging constitutional violations.[95]  Therefore, the plaintiffs' claims against the United States, its officials, or its employees in their official capacities are barred by the doctrine of sovereign immunity.[96]

Third, a plaintiff may assert a claim that a federal official violated his constitutional rights, but such a claim may only be asserted against government officers in their individual capacities.[97]  Here, the plaintiffs did not sufficiently identify the specific individual government agents or employees whose actions they are complaining about nor did they set forth a sufficient factual basis for the claimed Constitutional deprivations.  Therefore, this Court concludes that the plaintiffs did not state a *Bivens* claim that the court can remedy.

---

[95]     *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982); *Brown v. United States*, 653 F.2d 196, 199 (5th Cir. 1981)

[96]     See *Gibson v. Federal Bureau of Prisons*, 121 Fed. App'x 549, 551 (5th Cir. 2004) (unpublished).

[97]     *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999).

**f.**   **Summary of Findings Regarding Subject-Matter Jurisdiction**

The plaintiffs asserted several claims that lack an arguable legal or factual basis and, consequently, are frivolous.  However, because they are not represented by counsel, this Court will allow the plaintiffs an opportunity to amend their complaint to state plausible claims.  Should the plaintiffs fail to remedy this deficiency, however, their claims will be dismissed.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that plaintiff International Defense Corporation shall retain counsel, and its counsel shall appear in this lawsuit not later than May 15, 2021.

IT IS FURTHER ORDERED that the plaintiffs shall file an amended complaint not later than May 15, 2021.  The amended complaint shall state a valid basis for subject-matter jurisdiction, establish personal jurisdiction, and omit all claims lacking an arguable basis in law and fact.  The amended complaint will be reviewed and screened in the same way that the original complaint was reviewed and screened.

Signed at Lafayette, Louisiana, this 16th day of April 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

27