UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JOHN KEITH HEBERT, ET AL.               CIVIL ACTION NO. 6:21-cv-00545

VERSUS                                  JUDGE SUMMERHAYS

UNITED STATES OF AMERICA,               MAGISTRATE JUDGE HANNA
ET AL.

## REPORT AND RECOMMENDATION

In February 2021, plaintiffs John Keith Hebert and International Defense Corporation, proceeding *pro se* and requesting *in forma pauperis* status, filed a lengthy complaint against several defendants. A *sua sponte* review of subject-matter jurisdiction over the action and personal jurisdiction over the defendants was conducted, and the complaint was screened under 28 U.S.C. § 1915(e)(2)(B) to determine whether it was frivolous, malicious, or failed to state claims upon which relief could be granted. A memorandum ruling was issued, which allowed for the filing of an amended complaint.[1] The ruling advised that the amended complaint should state a valid basis for subject-matter jurisdiction, establish personal jurisdiction, and omit all claims lacking an arguable basis in law or fact;[2] it also

---

[1]      Rec. Doc. 3.

[2]      Rec. Doc. 3 at 27.

cautioned that the amended complaint would be reviewed and screened in the same way that the original complaint had been reviewed and screened.[3]

On May 10, 2021, Mr. Hebert filed an amended complaint.[4]  For the following reasons, this Court now recommends that the amended complaint should be dismissed for failure to state a claim on which relief can be granted.

## Background

The original complaint filed in this lawsuit alleged that Mr. Hebert and his company, International Defense Corporation, entered into an independent contractor service agreement with certain corporate defendants, which he sometimes referred to as his employers, and also entered into an independent subcontractor service agreement with the United States Central Intelligence Agency ("CIA"), under which they would provide private security services in overseas war zones.  The amended complaint omitted the company's claims, leaving Mr. Hebert as the sole plaintiff.

In the amended complaint, Mr. Hebert alleged that he worked in Iraq and Afghanistan between 2013 and 2015 pursuant to the referenced contracts.  He also alleged that he was a whistleblower regarding criminal activity that he observed while working in Iraq.  Because he was a whistleblower, the defendants allegedly breached the terms of the referenced contracts, wrongfully reassigned him from a

---

[3]     Rec. Doc. 3 at 27.

[4]     Rec. Doc. 5.

duty station in Iraq to a duty station in Afghanistan, attempted to block his reassignment, and ultimately prevented him from being able to continue to work in Afghanistan. Mr. Hebert alleged that, while he was working in Afghanistan, his driving privileges were revoked, and he was denied the use of public telephones and computers. Mr. Hebert further alleged that he was tortured while working in Afghanistan. It appears from the allegations of the amended complaint, however, that the alleged torture took the form of Mr. Hebert being denied permission to drive and to use communication devices while he was working in Afghanistan.

Mr. Hebert alleged that he received mental health treatment while in Afghanistan, was diagnosed with unspecified anxiety disorder, and continued to treat with mental health professionals after he returned home to Las Vegas. He alleged that members of the North Las Vegas Police Department and the CIA office in Las Vegas assaulted him when he returned home from Afghanistan in October 2015, and he alleged that his neighbors assaulted him in February 2017. He also alleged that he had a wormhole and became entangled with the Orion Nebula in December 2016.

Mr. Hebert claimed that he was denied adequate health care for the injuries he allegedly sustained in Afghanistan, and he sought compensation under the Defense Base Act ("DBA"). He claimed that William David Turley of the Turley Law Firm in San Diego, California, represented him with regard to his DBA claim. He alleged that Mr. Turley prevented him from having a hearing on his DBA claim. For that

3

reason, Mr. Hebert allegedly fired Mr. Turley in August 2017 and pressed criminal charges against him. Mr. Hebert further alleged that Administrative Law Judge Jennifer Gee of San Francisco remanded his DBA claim to the Office of Workman's Compensation Programs in February 2018.

Mr. Hebert alleged that the United States Postal Service lost multiple pieces of his mail and further alleged that several defendants sent him fraudulent mail solicitations.

Mr. Hebert alleged that his health and finances were negatively impacted by the defendants' actions because he was unable to work after returning home from Afghanistan. He allegedly lost his home through foreclosure, sold his vehicles and firearms, and is now living with relatives in Louisiana. In the amended complaint, he sued ten sets of defendants[5] and asserted three specific claims, each of which will be evaluated below.

---

[5]    The named defendants include but are not limited to former president Barack Obama, former first lady Michelle Obama, Senator Nancy Pelosi, Senator Dianne Feinstein, former attorney general Loretta Lynch, the CIA and several of its employees, the former postmaster general, and the commissioner of the Internal Revenue Service.

## Law and Analysis

### A.   *Pro Se* **Status**

A *pro se* litigant's pleadings are construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers."[6]  However, a *pro se* plaintiff must prove that the court has jurisdiction,[7] must abide by the rules that govern federal courts,[8] and must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief.[9]  A court may dismiss a plaintiff's claims on its own motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim so long as the plaintiff has notice of the court's intention to do so and an opportunity to respond.[10]  However, a court should generally allow a *pro se* plaintiff an opportunity to amend his complaint before dismissing it for failure to state a claim.[11]  In this case, Mr. Hebert was afforded an opportunity to amend his original complaint, and his amended complaint is now under review.

---

[6]    *Mendoza-Tarango v. Flores*, 982 F.3d 395, 399 (5th Cir. 2020) (citations omitted).

[7]    *Dos Santos v. Belmere Ltd. Partnership*, 516 Fed. App'x 401, 402-03 (5th Cir. 2013).

[8]    *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (citing *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed. App'x 419, 421 (5th Cir. 2013)).

[9]    *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d at 484.

[10]    See *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

[11]    *Bazrowx v. Scott*, 136 F.3d at 1054.

**B.**    **Subject-Matter Jurisdiction**

The amended complaint omitted many of the claims asserted in the original complaint.  In the amended complaint, Mr. Hebert alleged that the court has subject-matter jurisdiction under 28 U.S.C. § 1331 because he asserted claims under (1) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; (2) certain civil rights statutes, namely 42 U.S.C. §§ 1985 and 1986; and (3) constitutional claims actionable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). For purposes of this review of the amended complaint, this Court will assume that the court has subject-matter jurisdiction over Mr. Hebert's claims.

**C.**    **Personal Jurisdiction**

In the original complaint, the plaintiffs sued several individuals and business entities but provided insufficient information in their complaint to allow this Court to determine whether the court had personal jurisdiction over them.  Because the plaintiffs were proceeding without the assistance of legal counsel, this Court expressly allowed the plaintiffs an opportunity to amend their complaint to establish personal jurisdiction.  The plaintiffs were warned, however, that if their amended complaint lacked a sufficient basis to establish personal jurisdiction over the named defendants, their claims would be dismissed.

6

Mr. Hebert addressed personal jurisdiction in a cursory fashion in the amended complaint. He sued numerous defendants that this Court suspects would have valid personal jurisdiction defenses if served, including but not limited to "the Entire CIA Command to Afghanistan;" several companies and their employees with an address in Reston, Virginia; Senators Nancy Pelosi and Dianne Feinstein; the Turley Law Firm of San Diego, California; and former president Barack Obama and Mrs. Obama. For purposes of this review of the amended complaint, however, this Court will assume that the court has personal jurisdiction over the defendants sued by Mr. Hebert.

D.    **Screening of Complaints Filed *In Forma Pauperis***

The plaintiff filed a motion for *in forma pauperis* status along with his amended complaint, which was granted. An indigent person may bring an *in forma pauperis* action in federal court without paying costs.[12] District courts screen such complaints and may dismiss them at any time if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[13] A dismissal "at any time" includes dismissal at the initiation of the action,

---

[12]    28 U.S.C. § 1915(a)(1).

[13]    28 U.S.C. § 1915(e)(2). See, also, *Smilde v. Snow*, 73 Fed. App'x 24, 25 (5th Cir. 2003).

before the defendant has appeared.[14]  This "discourage[s] the filing of, and waste of judicial and private resources upon, baseless lawsuits"[15] and "spare[s] prospective defendants the inconvenience and expense of answering such complaints."[16]  A court must not dismiss a complaint simply because the facts presented by the plaintiff appear unlikely.[17]  However, a complaint must allege a set of facts sufficient "to state a claim. . . that is plausible on its face."[18]  Therefore, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact.[19]

District courts are vested with especially broad discretion in determining whether a dismissal for frivolousness is warranted in cases brought by plaintiffs *in forma pauperis*,[20] and dismissal is appropriate if a complaint has no "realistic chance

---

[14]     *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

[15]     *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[16]     *Neitzke v. Williams*, 490 U.S. at 324.

[17]     *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[18]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[19]     *Denton v. Hernandez*, 504 U.S. at 32 (citing *Neitzke v. Williams*, 490 U.S. at 327).

[20]     *Green v. McKaskle*, 788 F.2d at 1119.

of ultimate success"[21] or is "clearly baseless."[22]  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."[23]  A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory,"[24] while factually frivolous claims are those in which the facts alleged are clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible.[25]

In determining whether a complaint filed by a plaintiff proceeding *in forma pauperis* fails to state a claim, the court applies the same standard governing dismissals under Fed. R. Civ. P. 12(b)(6).[26]  Thus, the court must limit itself to the contents of the pleadings, accept all well-pleaded facts as true, view the facts in a light most favorable to the plaintiff,[27] and determine whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face."[28]

---

[21]    *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988) (quoting *Green v. McKaskle*, 788 F.2d at 1120).

[22]    *Denton v. Hernandez*, 504 U.S. at 32.

[23]    *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

[24]    *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Talib v. Gilley*, 138 F.3d at 213.

[25]    *Talib v. Gilley*, 138 F.3d at 213 (clearly baseless); *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (irrational or wholly incredible); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (fanciful, fantastic, delusional).

[26]    *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

[27]    *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[28]    *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.

9

This Court determined that several of the claims asserted in the original complaint filed in this lawsuit were frivolous or implausible, and several of the claims asserted in the original complaint were omitted from the amended complaint. This Court interprets the amended complaint as asserting only three claims: a civil RICO claim, a claim under 42 U.S.C. §§ 1985 and 1986, and a *Bivens* claim. Each of those claims lacks a sufficient factual basis and should be dismissed, for the following reasons.

1.    **The RICO Claim**

The Racketeering Influenced Corrupt Organizations Act ("RICO") has both criminal and civil components.[29] "RICO affords a private right of action only to a plaintiff who can show that he or she has been injured 'by reason of' a violation of RICO's criminal prohibitions."[30] A civil RICO claim requires proof of three elements: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise."[31] Furthermore, a pattern of racketeering activity consists of two or more predicate

---

[29]    *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 232 (1989); *United States v. Vasquez*, 899 F.3d 363, 373 n.6 (5th Cir. 2018).

[30]    *Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629, 636 (5th Cir. 2016) (citing 18 U.S.C. § 1964(c)).

[31]    *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009); *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007).

criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity.[32]  In this case, Mr. Hebert failed allege sufficient factual detail to articulate a plausible civil RICO claim.

Mr. Hebert sued companies, individuals, and governmental entities.  But governmental entities are not capable of forming a criminal enterprise.[33]  "[E]very court to address the issue has found that the Federal Government and its employees are immune from suit under the civil RICO statute."[34]  Furthermore, the Fifth Circuit has rejected the idea that a federal agency can be sued under the RICO statute.[35]  Accordingly, Mr. Hebert cannot establish a RICO claim involving any of the governmental entities or employees named as defendants in the lawsuit.  The RICO claim against those defendants should therefore be dismissed.

Furthermore, the amended complaint contains insufficient factual allegations to support a conclusion that any of the other defendants named in the suit were involved in racketeering activity.  In an attempt to establish that the defendants engaged in a pattern of racketeering activity, Mr. Hebert used the word "crime"

---

[32]    *St. Germain v. Howard*, 556 F.3d at 263; *Abraham v. Singh*, 480 F.3d at 355.

[33]    *Andrade v. Chojnacki*, 65 F. Supp. 2d 431, 449 (W.D. Tex. 1999).

[34]    See *McLean v. Obama*, No. 15-8, 2015 WL 3966426, at *2 (E.D. La. June 30, 2015) (collecting cases).

[35]    *McNeily v. United States*, 6 F.3d 343, 350 (5th Cir. 1993) (citing *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) ("there can be no RICO claim against the federal government.")).

several times in his amended complaint.  But he did not identify a single criminal offense that any of the non-governmental defendants allegedly engaged him.  He complained about his employment contract being terminated, about his driving privileges being revoked, and about his being denied the used of communications devices while working overseas.  But none of those are crimes.  He claimed that his mail went missing.  But he did not establish that his mail went missing due to criminal activity.  He alleged that he was denied a hearing and denied compensation under the Defense Base Act.  But hearings and benefits can be denied without any criminal activity having taken place.  He alleged that the United States Treasury and the California Franchise Tax Board attempted to collect past-due taxes.  But he did not allege any facts that might potentially establish that the Treasury or the Board acted contrary to any relevant criminal statutes.  Thus, Mr. Hebert failed to allege facts establishing that crimes occurred concerning these aspects of his case.

Mr. Hebert did allege that a crime occurred when he complained that he was assaulted by his neighbors.  But it does not appear that any of his neighbors are defendants in this lawsuit or that they engaged in the two or more predicate criminal acts that are necessary to support a civil RICO claim.  Furthermore, any claim based on this alleged assault should be taken up with state authorities in Nevada who might prosecute Mr. Hebert's neighbors criminally.  Similarly, Mr. Hebert alleged that he was assaulted by CIA employees while living in Nevada.  If true, that allegation

might support criminal charges under Nevada state law but is insufficient to support a civil RICO claim since there is no allegation of two or more crimes by the same persons.  Mr. Hebert's claims concerning his being assaulted in Nevada by his neighbors and the CIA do not support a civil RICO claim.

The term "racketeering activity" is defined as including mail fraud,[36] and Mr. Hebert claimed in the amended complaint that he received "fraudulent mail solicitations." But a defendant's use of the postal service for routine communications does not indicate that he engaged in a RICO conspiracy.[37]  Therefore, the simple fact that one or more of the defendants sent mail to Mr. Hebert does not establish that those defendants engaged in mail fraud or that they are liable under RICO.  In the amended complaint, Mr. Hebert did not identify what pieces of mail he received that were fraudulent or detail the content of these alleged solicitations that rendered them fraudulent.  Therefore, he failed to establish that the allegedly fraudulent mail solicitations constitute racketeering activity.

In his original complaint and again in the amended complaint, Mr. Hebert set forth several allegations concerning his claim for compensation under the DBA.  In reviewing the original complaint, this Court interpreted these allegations as an appeal of an adverse decision from the Benefits Review Board.  In the amended

---

[36]    18 U.S.C. § 1961(1).

[37]    See *Peterson v. Jones*, No. 20-20130, 2021 WL 1277942, at *1 (5th Cir. 2021) (per curiam).

complaint, however, Mr. Hebert maintained the he was not appealing an adverse DBA decision but was instead alleging health care and insurance fraud, conspiracy, conspiracy against rights, and enrichment with intention of personal gratification under RICO against his former employers and their named employees, Gallagher Bassett Services and its employee, and the attorney who represented him with regard to his DBA claim. Again, however, Mr. Hebert failed to allege sufficient facts to establish either a pattern of racketeering activity or the existence of a criminal enterprise with regard to his DBA claim. He did not point out any criminal activity undertaken by these defendants in connection with his DBA claim. Similarly, he failed to allege facts supporting his conclusory allegation that there was a conspiracy among these defendants concerning the DBA claim. He did not allege the creation of an agreement among these defendants for the purpose of defrauding Mr. Hebert or preventing him from receiving any DBA benefits that he might be entitled to receive. Therefore, Mr. Hebert set forth wholly speculative and conclusory contentions concerning the alleged relationship between his DBA claim and his civil RICO claim that are unsubstantiated by factual allegations.

There is a four year statute of limitations for civil RICO claims.[38] The crux of Mr. Hebert's complaint are the allegations concerning the breach of his contracts

---

[38]    *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987).

to work in Iraq and Afghanistan and the torture that allegedly occurred when he worked there.  However, he was back in the United States in October 2015. Therefore, any civil RICO claims that he might have related to the contracts or torture expired before this lawsuit was filed in 2021.

Mr. Hebert alleged that several of the defendants conspired to engage in activity prohibited by RICO.  To prove a RICO conspiracy, however, a plaintiff must establish that two or more people agreed to commit a substantive RICO offense and that the defendants knew of and agreed to the overall objective of the RICO offense.[39]  But the amended complaint contains no allegations of an agreement among the defendants to commit crimes or to harm Mr. Hebert.  Thus, Mr. Hebert's claims regarding a RICO conspiracy are not plausible and should be dismissed.

The allegations set forth in the amended complaint do not establish a pattern of racketeering activity consisting of two or more criminal acts that are related and pose the threat of continued criminal activity nor do they establish the existence of a conspiracy among the defendants to commit crimes.  Additionally, some of the claims have prescribed.  Therefore, there is no plausible factual basis for Mr. Hebert's RICO claim.  The RICO claim should be dismissed.

---

[39]    *United States v. Delgado*, 401 F.3d 290, 296 (5th Cir. 2005); *United States v. Posada-Rios*, 158 F.3d 832, 857 (5th Cir. 1998).

2.    **The Civil Rights Claims under 42 U.S.C. §§ 1985 and 1986**

Mr. Hebert alleged that the defendants conspired to harm him, violating 42 U.S.C. § 1986.  A person is liable under 42 U.S.C. § 1986 if he neglects or refuses to prevent the commission of an action prohibited by Section 1985.  Consequently, a "§ 1986 cause of action is dependent on a claimant's successful pleading of a § 1985 claim first."[40]  Section 1985 prohibits conspiracy to (1) prevent an official from carrying out his or her lawful duties; (2) interfere with a federal court proceeding or with a state court proceeding for the purpose of denying a citizen equal protection of law; or (3) deprive a person or class of persons of equal protection of law.  A person seeking to assert a claim under 42 U.S.C. § 1985 must plead operative facts upon which the claim is based; conclusory and bald allegations are inadequate.[41]  In this case, however, the plaintiff's complaint does not contain factual allegations sufficient to support a claim under this statute.

In support of his claim under Section 1985(1), Mr. Hebert alleged in the amended complaint that he is the official who was allegedly prevented from carrying out his duties.[42]  But Mr. Hebert did not allege that he was ever a federal government

---

[40]    *Beckwith v. City of Houston*, 790 Fed. App'x 568, 576 (5th Cir. 2019), cert. denied 140 S. Ct. 1127 (2020) (citing *Hamilton v. Chaffin*, 506 F.2d 904, 914 (5th Cir. 1975)).

[41]    *Holdness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987).

[42]    Rec. Doc. 5 at 12.

official.  According to the allegations in the amended complaint, he was a civilian who contracted with private businesses and governmental entities to provide security services in Iraq and Afghanistan, but there is no indication that he was ever employed by the United States in any capacity or that he was ever appointed to any federal governmental post.  Accordingly, Mr. Hebert has not stated a valid claim under Section 1985(1).

A claim under either Section 1985(2) or Section 1985(3) must allege facts demonstrating that there was some racial or class-based, invidiously discriminatory animus behind the alleged conspirators' actions.[43]  But the amended complaint contains no allegation that Mr. Hebert is a member of any particular race or class. Similarly, the amended complaint did not allege that the defendants' allegedly injurious actions were motivated by Mr. Hebert's membership in any such race or class.  Therefore, Mr. Hebert did not allege a sufficient factual basis for a valid claim under Section 1985(2) or 1985(3).

Furthermore, Mr. Hebert alleged that there was a conspiracy to deprive him of his constitutionally protected rights but did not allege any facts supporting the

---

[43]    *Bryant v. Military Department of Mississippi*, 597 F.3d 678, 687 (5th Cir. 2010), cert. denied, 562 U.S. 893 (2010) (regarding Section 1985(2) claims); *Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019), cert. denied, 141 S. Ct. 112 (2020) (regarding Section 1985(3) claims).  See, also, *Holdiness v. Stroud*, 808 F.2d at 424.

17

existence of a conspiracy. "Bald allegations that a conspiracy existed are insufficient."[44]  Accordingly, Mr. Hebert's conspiracy claim is not plausible.

The amended complaint failed to state a sufficient factual basis for a Section 1985 claim and failed to state a sufficient factual basis for a conspiracy claim. Accordingly, Mr. Hebert's claims arising under Section 1985 and 1986 are not plausible. Mr. Hebert was afforded an opportunity to amend his complaint to allege sufficient facts to support these claims, but he failed to do so. Therefore, this Court recommends that Mr. Hebert's claims based on alleged violations of Section 1985 and 1986 should be dismissed.

## 3.    The *Bivens* Claim

In the amended complaint, Mr. Hebert alleged that various defendants deprived him of rights guaranteed by the Fourth, Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution. The Supreme Court recognized an individual's right to seek recovery for violation of constitutional rights from a person acting under color of federal law in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "A Bivens action is analogous to an action under § 1983 – the only difference being that § 1983 applies to

---

[44]     *Chaney v. Races and Aces*, 590 Fed. App'x. 327, 330 (5th Cir. 2014) (quoting *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987)).

constitutional violations by state, rather than federal, officials."[45]   A *Bivens* action

provides a remedy for victims of constitutional violations by federal government

officers in their individual capacities but does not provide for a cause of action

against the United States.[46]   Similarly, a *Bivens* action may not be brought against a

federal agency.[47]

To assert a *Bivens* claim, a plaintiff must set forth facts in support of both of

its elements: (1) the deprivation of a right secured by the Constitution or laws of the

United States (2) by a person acting under color of law.[48]   However, *Bivens* applies

only to violations of Fourth, Fifth, and Eighth Amendment rights.[49]   Therefore, there

is no basis for Mr. Hebert's Thirteenth and Fourteenth Amendment claims.

"Because vicarious liability is inapplicable to Bivens and § 1983 suits, a

plaintiff must plead that each Government-official defendant, through the official's

---

[45]      *Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir. 1999), (citing *Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir.1993) ( "Bivens is the federal counterpart of § 1983 [and] ... extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983.")).

[46]      *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999).

[47]      *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994).   See also *Moore v. United States Dep't of Agriculture*, 55 F.3d 991, 995 (5th Cir. 1995).

[48]      See, e.g., *Cheek v. United States*, No. 4:19-cv-737-O, 2020 WL 6162045, at *4 (N.D. Tex., Oct. 21, 2020) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of § 1983 action), and *Evans v. Ball*, 168 F.3d at 863 n.10).   See, also, *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

[49]      *Cantú v. Moody*, 933 F.3d 414, 421 (5th Cir. 2019).

own individual actions, has violated the Constitution"[50] either through the official's personal involvement in the acts causing the deprivation of the plaintiff's constitutional rights or by implementing a deficient policy that itself acts as a deprivation of constitutional rights.[51]  Therefore, Mr. Hebert potentially has a *Bivens* claim only against the individual governmental officials that he sued and only for actions undertaken in their individual capacities.  To the extent that he has asserted a *Bivens* claim against the government, governmental agencies, persons who were not government actors, or government actors who were acting at relevant times in their official capacities, Mr. Hebert's *Bivens* claim should be dismissed.

Furthermore, while Mr. Hebert alleged, in a conclusory fashion, that a long list of defendants deprived him of his rights, he did not allege facts substantiating that claim.  A *Bivens* claim might be brought for violation of a person's Fourth Amendment rights when federal law enforcement officers use excessive force.[52]  But Mr. Hebert did not allege that any individual named as a defendant in the suit who was also a federal government official or employee conducted an unreasonable

---

[50]    *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

[51]    *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

[52]    *De La Paz v. Coy*, 786 F.3d 367, 375 (5th Cir. 2015).  But see *Oliva v. Nivar*, 973 F.3d 438, 442-43 (5th Cir. 2020) (regarding the limited applicability of *Bivens*).

search or seizure or used excessive force in placing him under arrest.  Therefore, he did not state a valid Fourth Amendment claim under *Bivens*.

Similarly, Mr. Hebert did not allege that any individual defendant who was a governmental actor but acting in his or her individual capacity deprived him of his due process rights.  Due process requires the government to provide parties with notice that is reasonably calculated to apprise all interested parties of actions affecting their interests.[53]  When government action will directly affect a person's liberty or property interests, the government is required to ensure that those individuals whose interests are at stake are afforded sufficient notice.[54]  Although Mr. Hebert claimed that he was denied the right to a hearing on his DBA claim, he also alleged that a hearing was set for October 11, 2017 with regard to that claim.  More particularly, he did not allege that any particular individual defendant, acting beyond the scope of his or her official capacity, prevented him from having a hearing on that claim.  There are no other allegations in the amended complaint that might logically be interpreted as due process claims.

Mr. Hebert alleged, in a conclusory fashion, that his Fifth and Fourteenth Amendment equal protection rights were violated.  "The Due Process Clause of the

---

[53]    See *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950); *Armendariz-Mata v. U.S. Dep't of Justice, Drug Enf't Admin*., 82 F.3d 679, 683 (5ᵗʰ Cir. 1996).

[54]    See *Echavarria v. Pitts*, 641 F.3d 92, 94 (5ᵗʰ Cir. 2011).

Fifth Amendment applies to the federal government a version of equal protection largely similar to that which governs the states under the Fourteenth Amendment,"[55] which prohibits states from denying any person within their jurisdiction the equal protection of the laws and essentially requires that all similarly situated persons be treated alike.[56]  To state an equal protection claim, a plaintiff must allege that a government actor "intentionally discriminated against the plaintiff because of membership in a protected class."[57]  Mr. Hebert did not allege that he was a member of any protected class or that he was denied equal protection because of his membership in that class.  Therefore, he failed to allege a sufficient factual basis for his equal protection claim under *Bivens*.

As he did with his RICO claim, Mr. Hebert alleged that several defendants conspired to deprive him of his constitutionally protected rights.  To state a claim for conspiracy under *Bivens*, a plaintiff must "establish the existence of a conspiracy and a deprivation of civil rights in furtherance of that conspiracy."[58]  But Mr. Hebert did not allege that any of the defendants entered into an agreement d with each other

---

[55]    *Rodriguez-Silva v. I.N.S.*, 242 F.3d 243, 247 (5th Cir. 2001).

[56]    *Piotrowski v. City of Houston*, 237 F.3d 567, 578 n.15 (5th Cir. 2001).

[57]    *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999).

[58]    *Thompson v. Johnson*, 348 Fed. App'x 919, 922 (5th Cir. 2009) (citing *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995)).

to deny him his rights.  "[M]ere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy."[59] Therefore, Mr. Hebert failed to state a viable *Bivens* conspiracy claim.

In the amended complaint, Mr. Hebert did not sufficiently identify the specific individual government agents or employees whose actions he complained about nor did he set forth a sufficient factual basis for the claimed Constitutional deprivations or the claimed conspiracy.  Therefore, Mr. Hebert failed to state a plausible *Bivens* claim that the court can remedy.  Accordingly, his *Bivens* claim should be dismissed.


## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the plaintiff's amended complaint should be dismissed for failure to state a claim on which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after

---

[59]    *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989) (internal quotation marks omitted) (quoting *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (citation omitted)).

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[60]

Signed at Lafayette, Louisiana, this 10th day of June 2021.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[60]    See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

24